

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00778-CR

Lance Segura **CRAYTON**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 290th Judicial District Court, Bexar County, Texas
Trial Court No. 2022CR6235
Honorable Jennifer Peña, Judge Presiding

PER CURIAM

Sitting: Lori I. Valenzuela, Justice
    Lori Massey Brissette, Justice
    Adrian A. Spears II, Justice

Delivered and Filed: January 29, 2025

DISMISSED

Appellant pled guilty to the charged offense and was sentenced within the terms of a plea bargain. Appellant then filed a *pro se* notice of appeal. The trial court's Certification of Defendant's Right of Appeal states this "is a plea-bargain case, and the defendant has NO right of appeal." *See* TEX. R. APP. P. 25.2(a)(2). The clerk's record contains a written plea bargain and a written waiver of appeal, and the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by appellant; therefore, the trial court's certification

accurately reflects that appellant's case is a plea bargain case and appellant does not have a right of appeal. *See id*. R. 25.2(a)(2).

"In a plea bargain case . . . a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, (B) after getting the trial court's permission to appeal, or (C) where the specific appeal is expressly authorized by statute." *Id*. The trial court's certification does not indicate that the trial court granted appellant permission to appeal or that appellant meets the requirements of subsections (B) or (C).

We must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." *Id*. R. 25.2(d). We issued an order stating this appeal would be dismissed unless an amended trial court certification was made part of the appellate record by December 12, 2024.[1] *See id.*; *Daniels v. State*, 110 S.W.3d 174 (Tex. App.—San Antonio 2003, no pet.). No such amended trial court certification has been filed.

Accordingly, this appeal is dismissed pursuant to Rule 25.2(d).

PER CURIAM

DO NOT PUBLISH

---

[1] On November 27, 2024, appellant's counsel filed a motion to dismiss this appeal. However, the motion is not signed by appellant. *See* TEX. R. APP. P. 42.2(a) ("At any time before the appellate court's decision, the appellate court may dismiss the appeal upon the appellant's motion. The *appellant and his or her attorney must sign* the written motion to dismiss and file it in duplicate with the appellate clerk, who must immediately send the duplicate copy to the trial court clerk.") (emphasis added).